UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. GAMBINO, | ) | CASE NO. 4:13cv817 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL PUGH, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**INTRODUCTION**

On April 11, 2013, *pro se* plaintiff David A. Gambino, a federal inmate at the Northeast Ohio Correctional Center (NEOCC), filed the above captioned *in forma pauperis* civil rights action against NEOCC Warden Michael Pugh, Assistant Warden Dennis Johnson, Sean Daugherty, Captain Austin, Captain Grigsby, Officer Stump, Officer Bruno, Officer Pakavich, and William Zeyer. (Doc. No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for emergency injunction (Doc. No. 4), a motion for protective injunction (Doc. No. 5), a motion for appointment of counsel (Doc. No. 6), and, several months later, a motion for injunction (Doc. No. 8), an offer of fact in support of injunction (Doc. No. 9), and a second motion for injunction. (Doc. No. 10.) Plaintiff asserts he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was allegedly denied toilet paper after exhausting his weekly allotment of two rolls, resulting in medical problems. (Doc. No. 1 at 8–12.) He also alleges that Officer Stump "inflicted wanton pain maliciously and sadistically to my genitals during

a full body patdown that was used to intimidate and harass me and outside of any true penological objectives." (Doc. No. 1 at 15.) Officer Stump is further accused of various acts of harassment, allegedly in retaliation for prior grievances filed by plaintiff. (Doc. No. 1 at 15–16.) Plaintiff alleges that his ability to formally complain about his treatment was limited by a policy restricting prisoners who abuse the grievance process from bringing new grievances before pending grievances have been resolved. (Doc. No. 1 at 22–23.) He asserts his right to free exercise of religion was restricted when, after failing to pass and refusing to re-take a test on his understanding of and belief in Judaism, he was not given kosher meals or Jewish literature.[1] (Doc. No. 1 at 26–27.) He asserts that the prison has a general policy of denying inmates' constitutional rights. (Doc. No. 1 at 31.) Finally, plaintiff asserts that his job and bed were taken away in retaliation for filing grievances (Doc. No. 8 at 59), and that he was unfairly and illegally punished. (Doc. No. 9 at 67.) Plaintiff seeks injunctive relief and damages.[2] For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

**LEGAL STANDARD**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in

---

[1] Plaintiff states that the test "did not allow for me to fairly explain my [fundamental] interpretation of self-taught Hebrew . . . ." (Doc. No. 1 at 26.)

[2] Plaintiff filed a notice of change of address from the NEOCC to the Buffalo Federal Detention Facility in New York the same day that plaintiff filed his initial wave of complaints and motions. (Doc. No. 3.) Plaintiff has since returned to the NEOCC, has filed a change of address to that effect (Doc. No. 7), and has renewed his motion for injunctive relief. (Doc. No. 8.)

law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

**LAW AND ANALYSIS**

In his original complaint, plaintiff brings five claims against various prison officials, which the Court will address in turn. Plaintiff's other motions, which raise claims identical to or related to claims in the original complaint, will be addressed when relevant to the analysis.

A. First Claim

The first claim alleges that the defendants subjected plaintiff to cruel and unusual

---

[3] A claim *in forma pauperis* may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking 28 U.S.C. § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

punishment in violation of the Eighth Amendment. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The facts set forth in the complaint do not reasonably suggest such a level of indifference.

Even if plaintiff had set forth sufficient allegations to sustain a constitutional claim based on deliberate indifference to his medical needs, such a claim is not cognizable under *Minneci v. Pollard*, 132 S. Ct. 617 (2012), because NEOCC is a privately operated correctional institution. In *Minneci*, the Supreme Court held that a federal prisoner could not assert a *Bivens*[4] claim for deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake. In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id*. at 624-25. The Court also stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the

---

[4] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." *Id.* at 625. To the extent that plaintiff states a claim for improper medical care, plaintiff is not stating a cognizable federal claim. The Court need not decide whether *Minneci* forecloses plaintiff's other claims because each claim, as explained below, is wholly without merit.

   B.  Second Claim

        The Court construes plaintiff's second claim as a claim of retaliation against Pugh, Stump, and Austin. Retaliation is an actionable claim, and a plaintiff establishes a prima facie case by showing (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Even assuming that plaintiff has engaged in protected conduct and that an adverse action was taken against him, plaintiff cannot satisfy the third element of a *prima facie* case for retaliation. Plaintiff details an encounter between himself and Stump and Austin and concludes, without providing any basis for his conclusion, that Stump and Austin's actions were taken in retaliation for plaintiff filing various grievances. (Doc. No. 1 at 20.) Plaintiff does not specify which of his many grievances prompted the retaliatory action, nor does plaintiff allege that defendants even knew about the grievances. No causal connection is alleged.

        In the same vein, plaintiff has filed a motion for injunction alleging that his job and living quarters in an honor pod were taken away in retaliation for filing grievances (Doc. No. 8).[5]

---

[5] Plaintiff filed a duplicate motion for injunction (Doc. No. 10), which is denied on the same grounds.

Beyond conclusory statements, plaintiff has again failed to provide any evidence of a causal connection between his protected conduct and an adverse action. In neither his complaint nor his motion for injunction has plaintiff stated a cause of action for retaliation.

C. Third Claim

Due to excessive filings, plaintiff's ability to file any additional grievances was suspended on February 12, 2013, until his prior grievances were resolved. (Doc. No. 1 at 24.) The relevant policy states: "If it is determined by the Warden/Administrator that an inmate/resident is deliberately abusing the grievance system through excessive filing of grievances and/or repeated refusal to follow procedures, the Warden/Administrator may suspend the filing of additional grievances until all pending grievances have been resolved." (*Id*.) In count four of his complaint, defendant claims that this action is "chilling" and retaliatory. One of plaintiff's other motions, styled a motion for emergency injunction, restates the same complaint (Doc. No. 4).

Plaintiff does not explicitly allege that the grievance suspension denies him the right of access to the courts. Nevertheless, this appears to be his claim, given that plaintiff asserts his grievance suspension renders him unable to fulfill the requirements of the Prison Litigation Reform Act, a prerequisite for filing a claim in federal court. Access to the courts is a fundamental right. *Johnson v. Avery*, 393 U.S. 483, 485 (1969). Filing frivolous claims is not, however, a protected right. *See Baker v. Wells*, 39 F. App'x 150, 152 (6th Cir. 2002) (requiring non-frivolous claim to allege denial of access to courts). The policy in question seeks to prevent frivolous claims and ensure compliance with grievance procedures and does not deny prisoners access to the courts. *See Watley v. Goodman*, 31 F. App'x 169, 170 (6th Cir. 2002) (upholding dismissal of prisoner right of access complaint when prisoner failed to follow grievance procedures). Additionally, plaintiff has not alleged any actual injury as a result of this policy. *See*

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("actual injury is apparent on the face of almost all the opinions in the 35-year line of access-to-courts cases"). He does not argue that he has been prevented from bringing a non-frivolous claim before the Court. He only alleges, in vague terms, that he is prevented from documenting "ongoing crimes and violations being done to [him] and other inmates." (Doc. No. 1 at 22.) Without alleging an actual injury, plaintiff's third claim does not state a federal cause of action.

    D.  Fourth Claim

In his fourth claim, plaintiff asserts that he was denied requested kosher meals and Jewish literature, in violation of his First Amendment rights as well as the Religious Freedom Restoration Act. When plaintiff's request for kosher meals and Jewish literature was received, plaintiff was asked to take a written test to ascertain his sincere belief in the Jewish faith. (Doc. No. 1 at 26.) Claiming that the test did not give him the opportunity to demonstrate his self-taught Hebrew, plaintiff refused to re-take the test when asked. (Doc. No. 1 at 26–27). Thereafter, plaintiff was not given the requested kosher diet and Jewish literature.

When a plaintiff alleges that prison policies violate fundamental constitutional rights, courts consider the following four factors: (1) whether a valid and rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact of the accommodation on prison guards, other inmates, and the allocation of prison resources generally; and (4) whether there are ready alternatives to the regulation in question. *Turner v. Safley*, 482 U.S. 78, 89–90 (1987). Prison officials are given wide latitude in the adoption and application of prison policies and procedures. *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011). Analyzing the policy—denying plaintiff kosher meals and Jewish

literature when plaintiff would not take a written test—under the *Taylor* factors, one factor stands above the rest: the alternative left open to plaintiff. Plaintiff can simply take the written test. Plaintiff is not entitled to unlimited alternatives in practicing his religion. The prison afforded him an opportunity. Plaintiff is not obliged to take the opportunity, but plaintiff cannot thereafter assert widespread violations of his First Amendment rights.

E. Fifth Claim and Other Motions

None of the remaining claims are supported by allegations sufficient to sustain a claim under the *Twombly/Iqbal* standard. Thus, even construing the pleadings liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), they do not contain allegations reasonably suggesting he might have any valid federal claims. *See*, *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). The fifth claim in the original complaint alleges that prison policies violate inmates' constitutional rights. Plaintiff cannot and does not point to any specific constitutional right being violated. Plaintiff's offer of fact in support of injunction states that plaintiff was unfairly and illegally punished, resulting in the loss of telephone privileges for six months. (Doc. No. 9 at 69.) Again, plaintiff cannot and does not allege a violation of any specific right. Finally, the only motion not yet discussed, styled motion for protective injunction, restates claims in the original complaint and will not be addressed separately. (Doc. No. 5.)

**CONCLUSION**

Accordingly, the request to proceed *in forma pauperis* is **GRANTED** and this action is **DISMISSED** under section 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 1, 2013

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**