# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID A. GAMBINO ) | CASE NO. 4:13-cv-817 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL PUGH, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

This matter is before the Court on motion by *pro se* plaintiff David A. Gambino seeking relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 18. ["Mot."].) For the reasons set forth herein, plaintiff's motion for relief from a final judgment is DENIED.

## I. BACKGROUND

On April 11, 2013, *pro se* plaintiff David A. Gambino, a federal inmate at the Northeast Ohio Correctional Center ("NEOCC"), filed the above captioned *in forma pauperis* civil rights action against NEOCC Warden Michael Pugh, Assistant Warden Dennis Johnson, Sean Daugherty, Captain Austin, Captain Grigsby, Officer Stump, Officer Bruno, Officer Pakavich, and William Zeyer. (Doc. No. 1. ["Compl."].) In his complaint, plaintiff asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was allegedly denied toilet paper after exhausting his weekly allotment of two rolls, resulting in medical

problems. (Compl. at 8–12.[1]) Plaintiff also alleges that Officer Stump "inflicted wanton pain maliciously and sadistically to my genitals during a full body patdown that was used to intimidate and harass me and outside of any true penological objectives." (*Id.* at 15.) Further, plaintiff accuses Officer Stump of various acts of harassment, allegedly in retaliation for prior grievances filed by plaintiff. (*Id.* at 15–16.) Plaintiff alleges that his ability to formally complain about his treatment was limited by a policy restricting prisoners who abuse the grievance process from bringing new grievances before pending grievances have been resolved. (*Id.* at 22–23.) He asserts that his right to free exercise of religion was restricted when, after failing to pass and refusing to retake a test on his understanding of and belief in Judaism, he was not given kosher meals or Jewish literature. (*Id.* at 26–27.)

On October 1, 2013, this Court dismissed plaintiff's complaint in its entirety pursuant to 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. (Doc. No. 11.) Judgment was entered the same day. (Doc. No. 12.) Of note, the dismissal by this Court was issued without prejudice to any valid state law claim that plaintiff may have under the facts alleged.

Since the Court entered judgment nearly five years ago, plaintiff has worked his case through the state court system. On December 17, 2014, plaintiff filed a case in the Mahoning County Court of Common Pleas repeating the allegations made in this Court against officials at NEOCC and adding three medical malpractice claims. *Gambino v. Pugh*, No. 15 MA 0138, 2016 WL 5885408, at *1 (Ohio Ct. App. Sept. 26, 2016). On July 29, 2015, the state trial court dismissed plaintiff's case. Plaintiff then appealed to the Ohio Seventh District Court of Appeals. On September 26, 2016, the state appellate court reversed and remanded plaintiff's one count of

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

negligence, but affirmed the state trial court's judgment with respect to all other counts. On remand, the state trial court granted summary judgment in favor of the defendants on the negligence claim, and, on March 23, 2018, the trial court's judgment was affirmed on appeal. On June 16, 2018, plaintiff filed the present motion in this Court seeking relief from this Court's October 1, 2013, judgment pursuant to Federal Rule of Civil Procedure 60(b)(1)(2)(3), (6).

## II. STANDARD OF REVIEW

Rule 60(b) describes the circumstances under which a party may obtain relief from a judgment or order of a federal court and provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b)(1)–(3), (6). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. The rule does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292

3

(6th Cir. 1992)). Rule 60(b) motions are addressed to the discretion of the district court. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). The movant bears the burden of establishing the basis for relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Further, Rule 60(c)(1) provides: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

### III. DISCUSSION

In his motion, plaintiff claims that the Court should relieve him from the October 1, 2013, judgment because, in essence, (1) this Court made a mistake when it directed his negligence claims to state court, (2) there is newly discovered evidence "only available in [s]tate cases, (3) the defendants fraudulently concealed evidence, and (4) the interests of justice will be served. (Mot. at 96.)

**Rule 60(b)(1)–(3)**

As set forth above, motions brought under Rule 60(b)(1)–(3) must be brought within a "reasonable time" and no more than "a year after the entry of the judgment or order." Fed. Rule Civ. P. 60(b)(c)(1); *Conner v. Attorney Gen. of the U.S.*, 96 F. App'x 990, 992–93 (6th Cir. 2004) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Here, this Court entered judgment on October 1, 2013. (Doc. No. 12.) Plaintiff did not file his Rule 60(b) motion until June 14, 2018. More than four years have passed since the entry of judgment. As such, plaintiff's request for relief from judgment under Rule 60(b)(1)–(3) is untimely.

**Rule 60(b)(6)**

Plaintiff also contends that this Court should relieve him from the October 1, 2013, judgment because "the interests of [j]ustice will be served." (Mot. at 96.) Plaintiff contends that

4

justice requires this Court to relieve him of the judgment and reopen his case because the state court "unconstitutionally blocks poor persons imprisoned from redressing [c]onstitutional violations." (*Id.*) Plaintiff's claim refers to his medical malpractice claims brought against various officials at NEOCC.[2] These claims were dismissed in state court because plaintiff failed to provide an affidavit of merit as required by Ohio Civ. R. 10(D)(2).[3] *Gambino*, 2016 WL 5885408, at *10. In essence, plaintiff appears to argue that he was denied access to the courts because, as an indigent *pro se* litigant, he could not afford to file the required affidavit of merit. (Mot. at 93.)

Although not labeled as such by plaintiff, this claim is best classified as a motion under Rule 60(b)(6). Rule 60(b)(6) provides a "catchall" provision that permits courts to grant relief from a final judgment for "any . . . reason that justifies relief." Fed. Rule. Civ. P. 60(b)(6). Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 75 (6th Cir. 2012) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (further citation omitted)). "The 'something more,' then, must include unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Prisoners have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). However, "[t]o state a claim for denial of access to the courts, a prisoner must demonstrate actual prejudice to pending or contemplated litigation." *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004) (citing *Lewis v. Casey*, 518 U.S. 343, 351,

---

[2] In state court, these claims were classified as medical malpractice claims based on language used by plaintiff and plaintiff did not object to that classification. *See Gambino*, 2016 WL 5885408. .

[3] In his motion, plaintiff incorrectly identifies this rule as "Ohio Revised Code 10(D)(2)(d)." (Doc. No. 18.)

116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). Further, the Supreme Court has limited the types of cases for which prisoners may be able to demonstrate actual injury by being denied access to the courts, stating that:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. In sum, "a prisoner's right to access the courts extends to direct appeals [of the prisoner's conviction and/or sentence], habeas corpus applications, and civil rights claims only." *Kitchen v. Snyder*, No. 1:16-cv-190, 2016 WL 1578837, at *5 (W.D. Mich. Apr. 20, 2016) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc)). Of significance, a plaintiff's failure to file an affidavit of merit because of indigent status does not amount to a denial of access to the courts. *Id.* at *5 (citing *Lewis*, 518 U.S. at 355); *see also Klinger v. Corr. Corp. of Am., Inc.*, No. 4:11CV2299, 2012 WL 12897339, at n.11 (N.D. Ohio Dec. 13, 2012) (citing *Horne v. United States*, 223 F. App'x 154, 156 (3d Cir. 2007) (finding that a litigant's *pro se* status does not excuse the failure to comply with Ohio's affidavit of merit requirement).

Plaintiff has failed to allege properly either a claim of denied access to the courts or a claim of other "exceptional or extraordinary circumstance" warranting relief from judgment under Rule 60(b)(6). Plaintiff had access to the state and federal court systems, he filed numerous motions and appeals, but he failed to file the required affidavit of merit. Plaintiff has not alleged interference with access to the courts for any purpose directly relating to his conviction and/or sentence, habeas corpus application, or civil rights. Plaintiff's claim is that he was denied access to state courts to file a medical malpractice claim. Dismissal for failure to file an affidavit of merit in a medical

6

malpractice action does not amount to a denial of access to the courts. As such, plaintiff's claim under Rule 60(b)(6) is denied.

## IV. CONCLUSION

For the reasons set forth herein, plaintiff's motion to reinstate and reopen the October 1, 2013, order dismissing the complaint pursuant to Fed. R. Civ. P. 60(b)(1)(2)(3), (6) is DENIED. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1951(a)(3).

**IT IS SO ORDERED**.

Dated: September 25, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**